## Richmond.

### DAVIS V. CITY OF NEWPORT NEWS.

January 11, 1917.

Absent, Prentis, J.*

1. STREETS AND HIGHWAYS—*Contract For Pavement—Guaranty.*—
A contractor entered into a written contract with a city for
the paving of certain streets, upon some of which there were no
street cars and upon others cars were operated. The con-
tractor guaranteed to keep the work done under his contract
in good repair for a period of ten years. It appeared from
the circumstances surrounding the contract that the parties
had the subject of the street car tracks upon the streets upon
which cars were operated in mind and contracted with refer-
ence to their sinking from use and thereby causing damage to
the adjoining work guaranteed by the contractor.
    *Held:* That the contractor could not be excused from the perform-
ance of his guaranty, by reason of the settlement of the founda-
tion of the street car tracks causing injury to the work guar-
anteed.

2. STREETS AND HIGHWAYS—*Contract For Pavement—Guaranty—
Instructions.*—An instruction that the jury before they could
find for the the city must believe from the evidence that the
defects complained of, in whole or in part, were occasioned by
some default of the defendant, and if due to causes over which
he had no control, he was not liable therefor, was properly re-
fused, where there was no evidence as to causes over which
the contractor had no control other than those expressly cov-
ered by other instructions. Such an instruction would invite
the jury to indulge in mere conjecture as to such causes.

Error to a judgment of the Circuit Court of the city of
Newport News in an action of trespass on the case. Judg-
ment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*J. Winston Read,* for the plaintiff in error.

* Submitted before Judge Prentis took his seat.

*J. A. Massie,* for the defendant in error.

HARRISON, P. delivered the opinion of the court.

In December, 1908, the plaintiff in error, J. W. Davis, entered into a written contract with the city of Newport News for paving certain streets and avenues, upon some of which there were no street car 'tracks, and upon others cars were operated. Specifications, form of contract and printed instructions were furnished the bidders in advance and they were required to acquaint themselves with the condition of the streets to be paved and separate bids were asked for the work to be done on streets where car tracks were laid and on those where there were no such tracks. Attention was further called to the fact that the bids would be for paving the street exclusive of the space between the street car tracks and for a distance of two feet on each side thereof, which excluded portion of the street was to be paved by the street railway company, at the same time, and with the same materials as the other portion of the street; and that each bid should be made at a rate which would include the cost of keeping the whole work to be done under the contract in proper repair for a period of ten years. The sections of the specifications pertinent to this inquiry are as follows:

"52. The contractor shall guarantee the entire work done under this agreement for a period of ten years dating from the date of the last monthly estimate. The bonds furnished for the faithful performance of this contract will include the guaranteeing of the work as fully as any other stipulation. At the end of the guaranty period, the contractor, upon notice from city engineer, shall clean up the entire work done under these specifications so that the surface can be closely observed, said cleaning to be done by and at the expense of the contractor.

"53. The contractor for the work herein specified, and in consideration of the prices bid and to be received therefor, guarantees that the workmanship and materials furnished under these specifications and used in said pavement, are in all respects first class and of such kind and quality that for a period of ten years from and after the completion and final acceptance thereof by the said city, the said pavement shall require no repairs, the necessity for which shall be occasioned by defects in said workmanship or material.

"If, however, during the said period, in the opinion of the council of the city of Newport News, the said pavement shall require repairs and necessity for such repairs shall, in its opinion, be occasioned by settlement of foundation, defective workmanship or materials furnished in the construction of said pavement, then such repairs on due notice being given, at any time during said period by the said city engineer to said contractor, shall promptly be made by and at the expense of the contractor."

The paving was to be of brick laid upon a sand base, with grout filler. The city accepted the bid of the plaintiff in error at $1.85 per square yard upon streets where there were no street car tracks and $1.86 per square yard upon streets occupied by such tracks.

The pertinent portion of the contract which was entered into is as follows: "In consideration of the premises, the said party of the first part agrees to pay to the said party of the second part the following prices as full compensation for furnishing all the material and labor in building and constructing, and in all respects completing the aforesaid work and appurtenances, in conformity with the plans and specifications, and to the satisfaction of the council of the city of Newport News and the city engineer and for guaranteeing and in keeping in repair the same for a period of ten years.

\*    \*    \*    \*    \*    \*    \*    \*

"And the said party of the second part further agrees to keep all the work specified in this contract in good repair for a period of ten years after the completion and acceptance of the whole work."

It appears that within the guarantee period the work done under this contract became defective and the city, in pursuance of section 53 of the specifications, gave notice to the plaintiff in error to make repairs as contemplated in the specifications and contract. This the plaintiff in error refused to do, whereupon the city made the necessary repairs upon all of the streets at a total cost of $2,370.45: That portion of the repairs between the street car tracks and for two feet on each side thereof being made and paid for by the street railway company.

Thereupon the city brought this suit to recover of the plaintiff in error $2,370.45, the sum it had expended in making the repairs mentioned. Why, is not apparent from the record, but upon the trial there was a verdict and judgment in favor of the city for only $500, which is now before this court for review at the instance of the plaintiff in error.

Upon the trial it was the theory of the city that it was the defective construction, in that the bricks were not properly grouted so as to hold them together, whereupon some of the bricks settled from traffic, causing the paving to become uneven, defective and out of repair, and that such defects were covered by the guarantee clauses of the specifications and the contract. On the other hand the contention of the plaintiff in error was that the defects were caused by a natural expansion of the bricks, the sinking of the street car tracks and other independent causes over which he had no control.

The first assignment of error is to the action of the court in giving for the city the following instruction, No. 4:

"The court instructs the jury that the contract, plans

and specifications between the city and J. W. Davis, for the construction of the brick pavement mentioned in the evidence, provides for it to be constructed in part upon streets in which there are street car tracks, of which fact the said Davis had notice, and bid for the work accordingly, and if the jury believe any of the defects complained of in the pavement constructed under the contract in evidence were occasioned by settlement of foundation due to the use of the street railway tracks, this fact should have been taken into consideration by the contractor, and it was his duty to repair such defects."

We are of opinion that this instruction is based upon the evidence, that it correctly interprets the contract between the parties, and that it was, therefore, properly given. The plaintiff in error submitted his bid and contracted with full knowledge that there were street car tracks upon some of the streets which he was to pave within two feet of the track, and by the terms of his contract he agreed to keep all the work specified in his contract in good repair for a period of ten years. The conditions existing at the date of the contract were well known and it is clear that the parties had the subject of the street car tracks in mind and contracted with reference to their sinking from use and thereby causing damage to the adjoining work guaranteed by the plaintiff in error.

In the case of *City of Akron* v. *Paving Co.*, 171 Fed. 29, 36, 96 C. C. A. 271, a similar case to the present, the paving company asked to be excused from the performance of the guarantee specifications of its contract for street paving, by reason of the settlement of the foundation of the street car tracks in streets upon which it had constructed pavement to within one foot of the rail. The Circuit Court of Appeals, speaking through Judge Lurton, said: "Can failure of performance of such a contract be excused on the ground that the foundations of the street car tracks were out of repair?

We understand from the charge of the court that performance was excused to the extent that the pavement was impaired by defects in these foundations. The conditions existing at the date of the execution of the contract must be considered * * * Clearly, then, the parties had the subject of street car tracks in mind. But it nowhere appears in the contract, as we understand it, that performance of the paving company's covenant was to be excused by reason of defects existing in the track foundations during the life of the guaranty. * * * But here, again, we discover no provision in the contract which in terms would excuse the performance of the paving company's covenant of guaranty on account of any failure or neglect of the city to require the street car company to keep in repair either the paving between the rails, or the track foundations."

The evidence in the case at bar shows that the street railway tracks settled, not continuously, but in places along the street; that no charge was made against the plaintiff in error for repairing any defects in the pavement between the tracks and two feet on either side thereof. As already stated, the street car company made all of those repairs, at its own expense, regardless of how far they extended from the tracks, and there is nothing in the specifications, the contract, or the evidence, that can excuse the plaintiff in error from the performance of his guarantee to keep in repair that part of the paving covered by his contract.

The objection taken to the refusal of the court to give instruction "E," asked for by the plaintiff in error, is, in view of what has been already said, without merit. This instruction tells the jury that if they believe from the evidence that any of the alleged defects were caused by a sinking of the street car tracks, then the defendant is not liable for such defects." In disposing of the first assignment of error we have said all that is needful in answer to the proposition announced by this instruction.

The only remaining objection taken to the action of the circuit court was to its refusal to give instruction "F," asked for by the plaintiff in error, which is as follows:

"The court instructs the jury that before they can find for the plaintiff they must believe from the evidence that the defects complained of, in whole or in part, were occasioned by some default of the defendant under the terms of his contract; and if due to causes over which he had no control and for which he was not responsible by virtue of said contract, he is not liable therefor."

There was no evidence upon which to base this instruction. It invites the jury to indulge in mere conjecture as to causes over which the plaintiff in error had no control, other than the settlement of the street railway tracks which is dealt with under the first assignment of error. The only other cause suggested for the defects is that they arose from expansion of the bricks, and that subject is expressly covered by instruction "D," given for the plaintiff in error which is as follows:

"The court instructs the jury that if they believe from the evidence that the alleged defects in the pavement, or any of them, were due to expansion of the bricks, and not to settlement of foundation, defective workmanship or materials, including bricks furnished in the construction of said pavement, then the defendant cannot be held liable for any defects caused by such expansion."

The record shows that the aggregate of repairs on those streets where there were no car tracks cost considerably more than the $500 found by the jury, which would seem to leave little room for the untenable contention made with reference to the streets upon which cars were operated.

Upon the whole case, we are of opinion that the plaintiff in error has not been prejudiced by the judgment complained of, and it must, therefore, be affirmed.

*Affirmed.*